## HEER DRY GOODS CO. v. SHAFFER.

1. SET-OFF: *Plaintiff must reply to without notice.*
   It is not necessary to summon or warn a plaintiff to answer a set-off pleaded by the defendant. He must reply thereto without notice.

2. SAME: *In effect a cross-action.*
   A set-off is in effect a cross-action brought by the defendant against the plaintiff, and an account on which it is based if not denied under oath by the plaintiff may be proved by the affidavit of the defendant, filed under sec. 2915 Mansf. Dig., which provides: "In suits upon accounts, the affidavit of the plaintiff, duly taken and certified according to law, that such account is just and correct, shall be sufficient to establish the same, unless the defendant shall, under oath, deny the correctness of the account, either in whole or in part, in which case the plaintiff shall be held to prove such part of his account as is thus denied by other evidence."

APPEAL from *Boone* Circuit Court.

R. H. POWELL, Judge.

*Crump & Watkins*, for appellant.

1. It was error to render judgment on the counter-claim on the affidavit of defendant.

Sec. 2915 Mansf. Dig., is derogatory of the common law and ought not to be extended further than its plain language. Defendant should have been required to prove his claim.

2. No service was had on plaintiff, or appearance entered.

*W. F. Pace*, for appellee.

1. The counter-claim was proven as required by Mansf. Dig., sec. 1529.

2. No summons or service was necessary. Sec. 5166. No reply was filed, sec. 5047, and no time asked. Sec. 5051, Ib.

Heer Dry Goods Co. v. Shaffer.

BATTLE, J.

Appellant brought an action against appellee on a promissory note. Appellee denied that he was indebted to appellant and pleaded a set-off, which was an account showing a balance due appellee from appellant in the sum of $464.24, with an affidavit of appellee annexed to the effect that the account was just and correct. Appellant filed no reply, and failed to deny the correctness of the account, either in whole or in part. When the cause was called for trial he dismissed his action, and appellee demanded judgment for the amount of his set-off. The appellant having failed to ask further time in which to plead, the court rendered judgment against him in favor of appellee for the amount of the account, without any evidence to establish the same, except the affidavit.

Appellant contends that the court erred in rendering judgment against it before it was warned or summoned to answer the set-off, and without evidence of the account being correct, except the affidavit.

1. It is not necessary to summon or warn a plaintiff in an action to answer a set-off pleaded by the defendant. There is no reason why he should be. The set-off is pleaded in the answer to his complaint and he is bound to take notice of it. A summons or warning order could answer no useful purpose. The statute, without requiring notice in any form to be given to him, says he must file his reply to the set-off on or before the calling of the cause for trial. Mansf. Dig., secs. 5033, 5046, 5047; *Pillow v. Sentelle*, 49 Ark., 430.

2. Section 2915 of Mansfield's Digest, provides: ''In suits upon accounts, the affidavit of the plaintiff, duly taken and certified according to law, that such account is just and correct, shall be sufficient to establish the same, unless the

1. SET-OFF: Plaintiff must reply to without notice.

defendant shall, under oath, deny the correctness of the account, either in whole or in part, in which case the plaintiff shall be held to prove such part of his account as is thus denied by other evidence."

**2. A set-off is in effect a cross-action.** The pleading a set-off is, in effect, a cross-action brought by the defendant against the plaintiff. It is not a defence. "A defence goes to the plaintiff's right of action; it either goes to his cause of action, like the plea in bar, or to his right to recover in the present proceeding, like dilatory pleas; but in either case it is a negation, a denial of the facts, or some material facts, pleaded by the plaintiff, or a denial of his right to recover because of other facts not appearing in making out his case." But a set-off is a cross-claim for money by the defendant "and must be a cause of action arising upon contract or ascertained by the decision of a court." The answer which sets it up must state facts which constitute a cause of action against the plaintiff, "and its sufficiency is governed by the same rules that would apply to the complaint if the defendant had sued the plaintiff." The plaintiff can reply to it, denying each allegation setting up the set-off, and alleging any new matter not inconsistent with the complaint, constituting a defence. If he fails to do so, every material allegation of the answer constituting the set-off, except as to value or amount of damages, is taken as true. If he dismisses his action or fails to appear, the defendant can prosecute his set-off to judgment. So in every respect it is essentially a cross-action, in which the relation of the parties in the original action is reversed and the defendant is plaintiff and *vice versa;* and the account which may constitute the set-off may be proven in the manner prescribed by section 2915 of Mansfield's Digest.

Judgment affirmed.