## WACO HARDWARE CO. v. MICHIGAN STOVE CO.

(Circuit Court of Appeals, Fifth Circuit. January 3, 1899.)

No. 672.

REMOVAL OF CAUSES—RIGHT OF PLAINTIFF TO REMOVE—CROSS ACTION.

Under Act 1887–88, the right of removal is restricted to the defendant or defendants, and a plaintiff who has brought an action in a state court submits himself to its jurisdiction in its whole extent, as determined by the state statutes, and does not, by reason of a cross demand or a plea in reconvention, permitted by such statutes, become a defendant, so as to be entitled to remove the cause to a federal court.

In Error to the Circuit Court of the United States for the Northern District of Texas.

This was an action, brought in a state court, by the Michigan Stove Company against the Waco Hardware Company. The defendant having answered, setting up a demand in reconvention, the plaintiff removed the cause to the circuit court of the United States, where a motion to remand was denied, and a trial resulted in a judgment for plaintiff. Defendant brings error.

J. E. Boynton, for plaintiff in error.

A. W. Cunningham, for defendant in error.

Before PARDEE, Circuit Judge, and BOARMAN and PARLANGE, District Judges.

BOARMAN, District Judge. This suit was sought to be removed by the suitor who appeared as the plaintiff in the state district court of McLennan county, Northern district of Texas. The defendant therein, now the plaintiff in error, unsuccessfully urged its motion to remand the cause. The trial of the suit in circuit court resulted in a judgment in favor of defendant in error for $925.20. Plaintiff in error is here contending that the circuit court erred in not remanding the cause to the state court. It has presented several assignments of errors, but, as counsel on each side at this trial in argument agree that the only matter necessary for us to pass on is "as to whether the circuit court was right in taking jurisdiction of the case," we will pass only on that issue of law.

Defendant in error contends that "the filing of a counterclaim on matters independent of plaintiff's cause of action is the suit, which authorizes a removal." It will be seen that defendant in error says the Waco Hardware Company, defendant in the state court, filed therein a counterclaim on "matters independent of plaintiff's cause of action." Under the statutory practice (article 755, Rev. St. Tex. 1895), the right to file a counterclaim by defendant is limited to such a claim only as "arises out of, or is incident to or connected with, plaintiff's cause of action." If the defendant in the state court set up a counterclaim on matters independent of plaintiff's cause of action, it is clear that the state court had no jurisdiction to allow such a claim to be filed by the defendant therein, and, on the theory of counsel for defendant in error, there was no suit in the state court to remove.

The plaintiff in the state court filed its suit to recover a sum less than

91 F.—19

$2,000. The defendant therein answered, by a demand in reconvention, for a sum larger than the jurisdictional amount. It may be that there is some conflict in the authorities as to whether the plaintiff, in seeking to remove its suit, should be allowed to show that the subject-matter of the suit sought to be removed is now in excess of the jurisdictional sum, by adding the sum it sued for in the state court to the amount claimed by the defendant therein in its plea in reconvention. Under the view we shall express on the removability of the suit under Act 1887–88, it is not necessary to pass upon such contentions. Whatever may have been the liberal tendency, all along the line, from the judiciary act of 1789, to and through the removal act of 1875, to Act 1887–88, to vest suitors in state courts with the right to remove suits to the federal courts, it is clear, when we read Act 1887–88 in the light of numerous decisions of the United States courts on the several antecedent removal acts, that congress intended to place, and did place, limitations upon removals, such as have been characterized by the courts as "reactionary." Keeping in mind the manifest purpose of congress, the profession, as well as the courts, readily realized that Act 1887–88, would and did materially abridge and restrict the federal jurisdiction, and cut off a large class of cases that would otherwise have been removable. "The statute," says Mr. Dillon (Dill. Rem. Causes [Black's Ed.] § 11), "moreover, is plainly designed to remodel the whole system of the jurisdiction of the circuit court, and therefore repeals by implications, if not expressly, all legislation in any way inconsistent with it."

Counsel for defendant in error, of course, admits the act limits the right of removal to "the defendant or defendants"; yet he contends that by implication of the law, on the state of case in the state court made up after defendant filed his plea in reconvention, the relation of his client to the suit in the state court was changed, so that his client became fully possessed of the right to remove its suit, just as if it had been originally brought in the state court against it as the defendant. It would follow, from this contention, that a suitor, after having brought his adversary into the state court to answer his demand, may have a right to remove his suit, not founded on the suitor's statement in the petition of his cause of action in the state court, but depending entirely upon matters set up in an answer, or upon a defensive plea in reconvention, filed at the will of the defendant, whom he had brought into the state court. Notwithstanding Act 1887–88, in its terse language, clearly restricts the right to remove to "the defendant or defendants," the counsel for defendant in error, relying solely upon such implications of law as he reads, in a persuasive way, between the lines of the act, urges the court to read the words "the defendant or defendants" out of the lines of the reactionary act, and extend to and give to his client, the plaintiff in the state court, a right which the law clearly intends to give only to "the defendant or defendants" therein. Such a view or contention of counsel is not supported, directly or by analogy, by the authorities.

Dill. Rem. Causes (Black's Ed.) § 65, says:

"The act has almost wholly restricted this right to the defendant. There is one single case in which a plaintiff may still exercise the right of removal,

viz. when the suit is one 'between citizens of the same state claiming lands under grants of different states.' [But] in all other cases the new act, by declaring that the removal may be made by the 'defendant or defendants' therein, has excluded the plaintiff from the exercise of this privilege. When he has chosen to begin his proceedings in a state court, he must abide by his election, and cannot transfer the cause to another forum. Although an element of removability is present in the cause, it cannot be transferred unless the defendant asks for it."

Defendant in error's contention has been considered adversely in the case of West v. City of Aurora, 6 Wall. 141. There the court was engaged in considering the right of a plaintiff to remove under the judiciary act of 1789, which, like Act 1887–88, limits the right to the defendant. It appears in that case suit was brought by West & Torrance against the city of Aurora, and that the defendant, having set up some defenses in its answer, was allowed, on its own application, to file three paragraphs setting up defensive matter, in each of which defendant prayed for an injunction to restrain the plaintiffs from proceeding further in any suit on the coupons or bonds, or from transferring them to any third party, and for a decree that the bonds be delivered up to be canceled. Upon the filing of these additional paragraphs, the plaintiffs entered a discontinuance to their suit, and, assuming that, under the Code, the new paragraphs in the answer would remain in substance a new suit against them, filed their petition for the removal of the cause. The petition for removal was allowed by the state court, and the new paragraphs, setting up the defendant's cause of action in the state court, were sent into the circuit court. The record shows that the plaintiffs in the state court had discontinued their suit against the defendant. The circuit court, on that state of case, though admitting, it seems, that under the state practice of Indiana the defendant's cause of action set out in the three additional paragraphs remained, notwithstanding the discontinuance on the part of plaintiff, a proceeding that may go on to trial and judgment, remanded the cause to the state court. The question then coming before the supreme court was whether or not the plaintiff originally in the state court could, on the state of case made therein by the reconventional plea set up by the defendant, remove its cause to the federal court. The chief justice, delivering the opinion of the court, said:

"We think that the circuit court was clearly right in its action. The filing of the additional paragraphs did not make a new suit, within the meaning of the judiciary act. They were in the nature of defensive pleas, coupled with a prayer for injunction and general relief. This, if allowed by the Code of Indiana, might give them in some sense the character of an original suit, but not such as could be removed from the jurisdiction of the state court. The right of removal is given only to a defendant who has not submitted himself to that jurisdiction, not to an original plaintiff in a state court, who, by resorting to that jurisdiction, has become liable under the state laws to a cross action. And it is given only to a defendant who promptly 'avails himself of the right at the time of appearance by declining to plead and filing his petition for removal.' In the case before us West & Torrance, citizens of Ohio, voluntarily resorted as plaintiffs to the state court of Indiana. They were bound to know of what rights the defendant to their suit might avail itself under the Code. Submitting themselves to the jurisdiction, they submitted themselves to it in its whole extent. The filing of the new paragraphs, therefore, could not make them defendants of a suit removable on their application to the circuit court of the United States."

. For the reasons stated, the judgment should be reversed, and cause remanded, with instructions to the circuit court to remand the suit to the state court; and it is so ordered.