## McKOWN v. KANSAS & T. COAL CO.

(Circuit Court, W. D. Arkansas, Ft. Smith Division.   January 3, 1901.)

1. REMOVAL OF CAUSES—AMOUNT IN CONTROVERSY—COUNTERCLAIM.

Sand. & H. Dig. Ark. §§ 5722, 5723, authorize, but do not require, a defendant to plead a counterclaim as a defense.  Act March 3, 1887 (24 Stat. 552), as amended by Act Aug. 13, 1888 (25 Stat. 433), §§ 1, 2, provides that civil actions involving more than $2,000, exclusive of interest and costs, between citizens of different states, may be removed from the state courts to the United States circuit court.  *Held*, that an action for $2,000 in the state court, to which the nonresident defendant pleaded a counterclaim for $10,000, was not removable to the United States circuit court by the defendant, since the suit as brought could not be so removed.

2. SAME—WHO MAY REMOVE.

Under Act March 3, 1887 (24 Stat. 552), as amended by Act Aug. 13, 1888 (25 Stat. 433) §§ 1, 2, providing that certain civil actions may be removed from the state courts to the United States circuit court by the defendant, a plaintiff, who has brought an action in a state court, in which the defendant has pleaded a counterclaim, is not entitled to remove to the United States circuit court by reason of such counterclaim.

3. SAME—REMAND.

Where it is doubtful whether the United States circuit court has jurisdiction of a suit removed from a state court, the suit will be remanded.

At Law.  On motion to remand.

The plaintiff, Charles S. McKown, on the 18th day of June, 1900, instituted a suit at law in the circuit court of the Greenwood district of Sebastian county, Ark., against the Kansas & Texas Coal Company for the sum of $2,000.  On the 2d day of July, 1900, three days before the defendant was required to plead, it filed an answer denying specifically the allegations of the complaint, and setting up a counterclaim against the plaintiff in the sum of $10,000, and at the same time filed its petition, accompanied by a bond in apt form, for the removal of the cause into this court.  The motion now is to remand the cause on the ground that the sum sued for by the plaintiff was not sufficient to give this court jurisdiction.

Mechem & Bryant, for plaintiff.

Hill & Brizzolara, for defendant.

ROGERS, District Judge (after stating the facts).  It is insisted by plaintiff's counsel that plaintiff could not have instituted his suit in this court for the sum of $2,000, because the amount is not sufficient to give the court jurisdiction, and that the amount involved in the counterclaim cannot be considered in order to increase the sum sued for by the plaintiff so as to give this court jurisdiction; and this contention is denied by the defendant.  The sole question, therefore, is as to whether or not the counterclaim can be taken into consideration to increase the amount sued for by the plaintiff so as to give this court jurisdiction of the cause.  The cases are conflicting and irreconcilable, and it is useless to review them.  The following cases go to sustain the contention of the plaintiff:  La Montagne v. Lumber Co. (C. C.) 44 Fed. 645;  Manufacturing Co. v. Broderick (C. C.) 6 Fed. 654;  Bennett v. Devine (C. C.) 45 Fed. 705.  The following cases are relied upon to sustain the contention of the defendant: Lee v. Insurance Co. (C. C.) 74 Fed. 424;  Clarkson v. Manson (C. C.) 4 Fed. 257.  The following cases relate to the right of a nonresident

plaintiff, who has brought a suit in a state court for a sum less than the jurisdictional amount, to which a counterclaim has been filed for a sum in excess of the jurisdictional amount, of becoming a defendant as to the counterclaim, so as that he may remove the cause to the federal court under the act of March 3, 1887: Lumber Co. v. Holtzclaw (C. C.) 39 Fed. 578; Waco Hardware Co. v. Michigan Stove Co., 91 Fed. 289, 33 C. C. A. 511; West v. Aurora City, 6 Wall. 139, 18 L. Ed. 819; Walcott v. Watson (C. C.) 46 Fed. 529. The labors of the court in this case have been greatly facilitated by the wide research and very capable way in which this question was argued and presented by the respective counsel. The argument, however, took a wide range, and the citation of authorities equally so, many of them throwing more or less light upon the subject. But the cases cited above are the only cases which the court thinks are directly in point with reference to the three propositions there stated; and it will be seen that three distinct views are maintained by certain lines of authority. Under the first head it is held that the court will not take into consideration the counterclaim of the defendant to make up the jurisdictional amount when the defendant petitions for the removal. Under the second head the contrary is distinctly held, and under the third head two cases (Lumber Co. v. Holtzclaw [C. C.] 39 Fed. 578, and Walcott v. Watson [C. C.] 46 Fed. 529) hold that, where a nonresident plaintiff institutes, in a state court, a suit for a sum less than the jurisdictional amount in the federal court, and thereupon the defendant files a counterclaim for an amount within the jurisdiction of the federal court, the plaintiff becomes a defendant as to the counterclaim, and can remove the cause to the federal court; while Waco Hardware Co. v. Michigan Stove Co., 91 Fed. 289, 33 C. C. A. 511, and West v. Aurora City, 6 Wall. 139, 18 L. Ed. 819, hold directly to the contrary. I have considered all of these questions carefully, and I have examined every case cited by counsel, and I have reached the following conclusions:

1. That no suit can be removed, under the act of 1887, to the federal court, which could not have been originally instituted in that court. Wahl v. Franz, 100 Fed. 680, 40 C. C. A. 638, 49 L. R. A. 62; State of Tennessee v. Union & Planters' Bank, 152 U. S. 461, 462, 14 Sup. Ct. 654, 38 L. Ed. 511, and cases there cited; Railroad Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672. See, also, section 2, Act March 3, 1887 (24 Stat. 552), as corrected by Act Cong. Aug. 13, 1888 (25 Stat. 433).

2. That in a case like the one at bar the defendant in the action as originally brought, or the titular defendant, only, can remove the case from the state court to the circuit court of the United States.

3. That, whether either of these two propositions be correct or not, the question is so doubtful that it should be remanded to the state court upon the authority of Fitzgerald v. Railway Co. (C. C) 45 Fed. 813, and Plant v. Harrison (C. C.) 101 Fed. 307. In states where the defendant, if he has a counterclaim, is compelled, under the state code, to plead the same, a contrary rule may be essential to the ends of justice; but in this state a defendant is not compelled to plead his counterclaim. He may or may not do so, at his election. Sand.

& H. Dig. §§ 5722, 5723. The cause is remanded to the circuit court of the Greenwood district of Sebastian county, Ark., at the costs of the defendant, the Kansas & Texas Coal Company.