### PRICE & HART v. T. J. ELLIS & CO.

#### (Circuit Court, E. D. Arkansas, W. D. April 11, 1904.)

#### No. 5,265.

1. REMOVAL OF CAUSES—AMOUNT IN DISPUTE—COUNTERCLAIM.
    Where the defendant in an action by a nonresident in a state court to recover a sum less than $2,000 files a counterclaim by which he seeks to recover a sum greater than $2,000, the cause is removable by the plaintiff at or before the time he is required to plead to such counterclaim.

¶ 1. See Removal of Causes, vol. 42, Cent. Dig. § 131.

On Motion to Remand to State Court.

N. W. Norton, Baldy Vinson, and Metcalf & Metcalf, for plaintiff.
Wells, Williamson & Cotham and W. S. & F. L. McCain, for defendants.

TRIEBER, District Judge. The only question involved in this motion to remand is whether the plaintiff, who is a nonresident of the state, and who has instituted an action at law in the state court against a residen of this state to recover a sum of money not exceeding $2,000, can remove the cause to a national court when the defendant filed with his answer denying the plaintiff's demand a counterclaim by which he seeks to recover from the plaintiff a judgment for more than $2,000, exclusive of interest and costs. The question has never been authoritatively settled by the decision of any court whose judgment is conclusive on this court. Neither the Supreme Court nor the Circuit Court of Appeals for this (the eighth) circuit has ever passed upon it directly, nor has any other federal appellate court ever determined that question, except the Circuit Court of Appeals for the Fifth Circuit, in Waco Hardware Co. v. Michigan Stove Co., 91 Fed. 289, 33 C. C. A. 511. West v. Aurora City, 6 Wall. 139, 18 L. Ed. 819, has been frequently cited by some of the courts as a case in point, but that case is inapplicable to the acts of Congress now in force, as the removal in that case was sought to be made under the provisions of the judiciary act of 1789 (1 Stat. 79), digested as the first subdivision of section 629, Rev. St. U. S., which has been repealed or superseded by the act of March 3, 1875 (18 Stat. 470), and the act of March 3, 1887, as corrected by the act of August 13, 1888 (25 Stat. 433; U. S. Comp. St. 1901, p. 509). The act of 1789, construed by the court in West v. Aurora City, limited the right of removal to a defendant who had not submitted himself to the jurisdiction of the state court, except to enter his appearance for the purpose of removing the case. The chief justice, who delivered the opinion of the court in that case, said:

"And it [the right to remove] is given only to a defendant who promptly avails himself of the right at the time of appearance by declining to plead and filing his petition for removal."

Waco Hardware Co. v. Michigan Stove Co., supra, while no doubt a binding authority on the Circuit Courts of the United States held within the Fifth Circuit, has no such effect on this court, although entitled to the highest consideration. The decision of that case is based solely on what was decided in West v. Aurora City, and, as that case construed an act of Congress different from those now in force, it has no application to causes arising under the present acts. The acts of Congress now in force regulating the removal of causes from a state to a national court contain no such restrictions as did the act of 1789. A defendant now may plead or answer in the state court, and still remove the cause, if the facts otherwise authorize a removal, provided he files his petition and bond for removal at or before the time he is, by the laws of the state or the rules of the court in which the action is pending, required to plead. Brisenden v. Chamberlain (C. C.) 53 Fed. 307; Champlain Constr. Co. v. O'Brien (C. C.) 104 Fed. 930; Sidway v. Missouri, etc., Co. (C. C.) 116 Fed. 381.

The decisions of the Circuit Courts of the United States on this question are quite numerous, but unfortunately so conflicting that the only aid they afford is the reasoning of the different judges who decided them. In this the Eighth Circuit we find four cases reported in which this question was in some shape before the Circuit Courts for determination. Carson & Rand Lumber Co. v. Holtzclaw (C. C.) 39 Fed. 578, decided by Judge Thayer; Bennett v. Devine (C. C.) 45 Fed. 705, decided by Judge Shiras; Lee v. Continental Ins. Co. (C. C.) 74 Fed. 424, decided by Judge Adams; and McKown v. Kansas & T. Coal Co. (C. C.) 105 Fed. 657, decided by Judge Rogers. A careful examination of these cases shows that the only one in which the facts were identical with those in the case at bar is Carson & Rand Lumber Co. v. Holtzclaw, and there Judge Thayer held that the cause was removable under the acts of Congress now in force. In Lee v. Continental Ins. Co., the statutes of Utah, in a court of which state the action was pending, made it obligatory on the defendant to set up his counterclaim in the same action, or be forever afterward prohibited from maintaining an action against the plaintiff therefor. But the learned judge, in delivering his opinion, took occasion to express his views on this subject regardless of the Utah statute, and reached the same conclusion as that expressed by Judge Thayer in Carson & Rand Lumber Co. v. Holtzclaw, supra. Judge Adams thus states his conclusions:

"There is a contradiction of opinion, independent of such legislation as is found in the statute of Utah, with respect to the question whether the amount involved in an asserted counterclaim against a cause of action shall or may be considered in determining the jurisdiction of federal courts. Opinions of very eminent judges and courts are found on either side of the question, and as a new question it would be somewhat difficult to determine it, based simply on the decided cases. However, my inclination is to adopt the conclusion that the amount involved in a counterclaim is a part of the subject-matter in dispute, within the meaning of the act of Congress, conferring jurisdiction upon the federal court; and that inclination is strongly fortified in the case at bar by the terms of the Utah statute."

In Bennett v. Devine, decided by Judge Shiras, the cause was sought to be removed by the original defendant, who was sued for $1,950 only, but filed a counterclaim to recover $3,000, and it was held that it could not be removed upon the ground, as stated by the learned judge, that:

"So far as the counterclaim is concerned, the party seeking the removal is the plaintiff therein, and the right of removal does not exist in favor of a plaintiff, or a party who has voluntarily invoked the jurisdiction of the state court."

In this case the removal was made by the original plaintiff, who became the defendant in the counterclaim.

In McKown v. Kansas & T. Coal Co., decided by Judge Rogers, the facts were like those in Bennett v. Devine. The removal was sought to be made by the original defendant, who became the plaintiff in a counterclaim, and, the right to remove being limited to the defendant, the cause was properly remanded.

That the defendant who files a counterclaim becomes, as to the counterclaim, a plaintiff, under the statute of Arkansas, and the original plaintiff becomes the defendant, has been fully determined by the court of last resort of that state in Heer Dry Goods Co. v. Shaffer, 51 Ark.

368, 11 S. W. 517. In that case an action at law had been instituted by the plaintiff to recover a sum of money from the defendant. The defendant, with his answer, denying the indebtedness alleged in the complaint, pleaded a set-off and counterclaim, the correctness of which was verified by the oath of the defendant. The plaintiff filed no reply to this set-off, but dismissed his original action. The defendant thereupon demanded judgment on his counterclaim, which was granted by the court without any other proof than the verified account filed therewith. Upon appeal to the Supreme Court that court held:

"But a set-off is a cross-claim for money by the defendant, and must be a cause of action arising upon contract, or ascertained by the decision of a court. The answer which sets it up must state facts which constitute a cause of action against the plaintiff, and its sufficiency is governed by the same rules that would apply to the complaint if the defendant had sued the plaintiff. The plaintiff can reply to it, denying each allegation setting up the set-off, and alleging any new matter not inconsistent with the complaint, constituting a defense. If he fails to do so, every material allegation of the answer constituting the set-off, except as to value or amount of damages, is taken as true. If he dismisses his action, or fails to appear, the defendant can prosecute his set-off to judgment. So in every respect it is essentially a cross-action, in which the relation of the parties in the original action is reversed, and the defendant is plaintiff, and vice versa." 51 Ark. 370, 11 S. W. 518.

Cases decided by the Circuit Courts in circuits other than the Eighth, in which the right of removal in cases like this was sustained, are Clarkson v. Manson (C. C.) 4 Fed. 257, decided by Judge Blatchford, afterwards one of the justices of the Supreme Court; and Walcott v. Watson (C. C.) 46 Fed. 529. Cases, although not direct in point, yet applicable by analogy, are Lovell v. Cragin, 136 U. S. 130, 10 Sup. Ct. 1024, 34 L. Ed. 372, and Block v. Darling, 140 U. S. 234, 11 Sup. Ct. 832, 35 L. Ed. 476. In both of these actions the court was called upon to determine its jurisdiction on appeal and writ of error in relation to the amounts involved. In the first case it was sought to dismiss the appeal upon the ground that the amount involved was not sufficient to give that court jurisdiction, as it did not exceed $5,000. The decree appealed from was for $4,830.64, but the cross-bill of appellant, which had been dismissed by the court below, claimed a decree in behalf of the original defendant for a greater sum than $5,000, and it was held that:

"When the matter set up in a cross-bill is directly responsive to the averments in the bill, and is directly connected with the transactions which are set up in the bill as the gravamen of the plaintiff's case, the amount claimed in the cross-bill may be taken into consideration in determining the jurisdiction of this court on appeal from a decree on the bill."

In Block v. Darling it was held:

"Where, in an action for the recovery of a money demand, a counterclaim of the defendant exceeding $5,000 is entirely disallowed, and judgment rendered for the plaintiff on his claim, this court has jurisdiction of the writ of error sued out by the defendant without regard to the amount of plaintiff's judgment."

While, under the laws of this state, a defendant is not compelled to set up his counterclaim in that action, but may maintain a separate suit thereon, he has the right to do so, and, as determined by the highest court of the state, it thereupon becomes "in every respect a cross-action, with the parties reversed." There is no reason why

a nonresident thus involuntarily made a party defendant in an action in which judgment for more than $2,000, exclusive of interest and costs, is demanded and can be rendered against him should be deprived of his right to remove the cause to a national tribunal, if he so elects. It is true, he selected the state court as the forum in which to litigate his cause of action when he instituted the suit originally, but, as his claim for which he instituted that suit did not exceed in value the sum of $2,000, exclusive of interest and costs, he had no choice in the selection of the forum, for that was the only court which had jurisdiction of the subject-matter. It was the filing of the counterclaim alone which gave him the right of election, and, if he avails himself of this privilege within the time prescribed by the statute, "at or before the time he is required by the laws of the state or the rules of the court to answer or plead," which can only be done after the filing of the counterclaim, and which must be done "on or before the calling of the cause for trial" (section 5736, Sandell's & H. Digest of Statutes of Arkansas), I can conceive of no substantial reason why he should not be entitled to remove the same. Thus, in Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673, it was held that:

"An action not removable from a state court by reason of joinder as defendants of citizens of the same state as plaintiff may, upon a subsequent discontinuance in that court by the plaintiff against the resident defendants, making the action for the first time a removable one by reason of diverse citizenship of the parties, be removed by the defendant upon a petition filed immediately after such discontinuance, and before taking any other steps in defense of the action."

Mr. Justice Gray, in delivering the opinion of the court in that case, says:

"The reasonable construction of the act of Congress, and the only one which will prevent the right of removal, to which the statute declares the party to be entitled, from being defeated by circumstances wholly beyond his control, is to hold that the incidental provision as to the time must, when necessary to carry out the purposes of the statute, yield to the principal enactment as to the right; and to consider the statute as, in intention and effect, permitting and requiring the defendant to file a petition for removal as soon as the action assumes the shape of a removable case in the court in which it was brought."

This excerpt applies with great force to the facts in this case. See, also, Jones v. Mosher, 107 Fed. 651, 46 C. C. A. 471. Had the defendants instituted an original action against the plaintiffs on their counterclaim, the cause would clearly have been removable, and it was the filing of the counterclaim, although a suit was then pending between the parties, which brought the cause within the terms of the statutes regulating removals of causes from the state to the national courts. The petition for removal in this case was filed by the plaintiffs, who became defendants in the cross-action, and were nonresidents of this state, as soon as the facts necessary to confer jurisdiction on this court were made a part of the record, and within the time they were required by the laws of this state to file a reply, and this was the first opportunity they had to elect one of the two forums in which to try their case. Before that time no right of election existed, and, of course, they could exercise none.

The motion to remand is overruled.