## INDIAN MOUNTAIN JELLICO COAL CO. v. ASHEVILLE ICE & COAL CO.

(Circuit Court, W. D. North Carolina. March 1, 1905.)

1. REMOVAL OF CAUSES—COUNTERCLAIM—CHANGE OF PARTIES—LOCAL PREJUDICE.

   Where, after judgment in favor of a nonresident plaintiff was affirmed as to the original cause of action, but was reversed as to a counterclaim, defendant obtained leave to amend the counterclaim by increasing the amount demanded, such amended counterclaim did not change the status of the parties so that the defendant became the plaintiff in the action and the plaintiff became the defendant, and entitle plaintiff to remove the cause to the federal courts, under Act Cong. 1887–88 (Act March 3, 1887, c. 373, § 1, 24 Stat. 553; Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 509]), authorizing removal by nonresident defendants on the ground of prejudice or local influence.

   [Ed. Note.—Prejudice or local influence ground for removal of cause to federal court, see note to P. Schwenk & Co. v. Strang, 8 C. C. A. 95.]

2. SAME—CONCURRENT JURISDICTION.

   Where an action containing a counterclaim had been tried in a state court, and a judgment in favor of plaintiff on the main cause of action affirmed, but reversed as to a counterclaim, the state court having assumed and exercised jurisdiction to try a part of the action, it could not thereafter be removed to the federal courts for retrial of the counterclaim.

Motion to Remand.

Merrimon & Merrimon, for remandant.
Moore & Rollins, opposed.

PRITCHARD, Circuit Judge. This is a motion to remand. The plaintiff instituted a suit against the defendant in the state court for the recovery of the sum of $361.34 for coal sold and delivered to the defendant. The defendant filed an answer in which the two first paragraphs of the plaintiff's complaint are admitted. Among other things, the defendant set up a counterclaim growing out of the contract between the parties on which the suit was brought, and alleged that the plaintiff was due the defendant on said counterclaim the sum of $1,000. The case was tried at the May term, 1903, and resulted in a verdict and judgment in favor of the plaintiff for the sum of $361.34. It was also adjudged that the plaintiff was indebted to the defendant in the sum of $150 on the counterclaim. The case was heard in the Supreme Court of the State on appeal, and the judgment of the court, in so far as plaintiff's claim is concerned, was affirmed, but it was remanded for a new trial as to the issues raised by the counterclaim. 47 S. E. 116. At the June

term, 1904, the defendant obtained leave to amend the counterclaim by increasing the amount demanded from $1,000 to $3,861.34. On the 22d of August, 1904, the case was removed from the state to the circuit court. The application for the removal was based on the ground of diverse citizenship, and also prejudice and local influence, under the act of 1887–88 (Act March 3, 1887, c. 373, § 1, 24 Stat. 553; Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 509]).

It is contended by the parties seeking to remand that this case does not come within the class of cases wherein removal is contemplated by the statute. It is also contended that the allegations in the petition of prejudice and local influence are not sufficient, and that the petition on which the case was removed was not properly verified. It is further contended that the evidence upon which petitioner relied for removal was not sufficient to justify same.

The court does not deem it necessary to pass upon the sufficiency of the allegations of the petition, inasmuch as a determination of the case depends upon other questions involved. It is insisted by the petitioner that the filing of the amended counterclaim by the defendant changed the status of the parties, and that the defendant thereby became plaintiff in the action, and that, as a natural sequence, the plaintiff became a defendant; that, inasmuch as the plaintiff in the original action had secured judgment upon his demand, nothing remains to be tried save the issues raised by the counterclaim which was filed by the defendant; and that therefore the case stands as though a new action had been instituted in the state court by the defendant, and against the plaintiff, in which the sum of more than $2,000 was involved. The act under which this case was removed to this court relates solely to the right of non-resident defendants to have their cases removed when it can be shown that prejudice or local influence exists against any defendant in the communities in which suits may be brought, and in the contiguous counties to which suits may be removed for trial by the state courts. The act also provides that such cases shall be removed to this court at any time before trial. In this case the plaintiff, of its own volition, selected the state court as the forum in which to prosecute its cause of action. In doing so, it was cognizant of the fact that the defendant, under the provisions of the Code of North Carolina, would be entitled to set up by way of counterclaim any defensive matter growing out of the transaction which it might deem proper to allege. It would be an anomalous proceeding to permit the plaintiff, after having selected the state court as a tribunal in which to enforce its rights, and having obtained judgment, to quietly withdraw from the scene of conflict, in so far as the rights of defendant are concerned, and proclaim that, as respects such matters, it was not a citizen of the state, and ask that the untried portion of the case be transferred to the federal courts upon the ground that it cannot secure a fair and impartial trial in the court where it had already obtained judgment against the defendant for the full amount alleged to be due in its complaint.

In considering the law applicable to counterclaims, this court will be governed by the provisions of the Code of the state where the suit is instituted, as construed by the highest court of such state.

The defendant in this case set up as a counterclaim certain matters arising out of the contract on which the plaintiff based its cause of action. In such cases a counterclaim is treated as a cross-action, and, when properly pleaded, the defendant assumes the burden of affirmatively establishing the truth of the matters therein alleged, and to that extent is an actor. Under such circumstances, the plaintiff does not have the right to take a nonsuit without the consent of the defendant, and all matters involved in the issues raised by the pleadings must be determined in the suit in the court where the action was originally begun, and neither party can withdraw until the final determination thereof without the consent of the other.

In the case of Whedbee v. Leggett, 92 N. C. 470, Judge Ashe, in discussing this question, said:

"The defendant alleged error in the court in granting the motion of the plaintiffs to enter a nonsuit as to their cause of action. In this there was error. A counterclaim is in effect a cross-action, and, when well pleaded, the defendant becomes an actor, and there are two simultaneous actions depending in the same proceeding between the same parties; and each has the right to have all the matters put in issue by the pleadings adjudicated, and neither has the right to go out of court before a complete determination of all the matters in controversy, without the consent of the other. This was held to be the rule of practice in the case of Francis v. Edwards, 77 N. C. 271, and the decision there is decisive of this case. The court there held that, when a counterclaim is duly pleaded, neither party has the right to go out of court before a complete determination of all the matters in controversy, without or against the consent of the other, and, when the court below permitted the plaintiff to take a nonsuit, it was error. Purnell v. Vaughan, 80 N. C. 46. There is a distinction in counterclaims set up as a defense under section 244 of the Code, which has not been taken or adverted to in the decisions upon that subject heretofore made, that we think should be observed. The first subdivision under that section is 'a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action'; and, second, 'In an action arising on contract any other cause of action arising also on contract, and existing at the commencement of the action.' The distinction is this: When a counterclaim such as is authorized by the first subdivision is set up, then we think the plaintiff should not be permitted to enter a nonsuit without the consent of the defendant, for the reason that, as it is a connected transaction and cause of action, the whole matter in controversy between the parties should be determined by the one action."

In view of these authorities, it is manifest that where a defendant sets up a counterclaim which grows out of the transaction on which plaintiff brings his action, and the same is properly pleaded, it is in the nature of a cross-action, and does not change the status of the parties, and there can be no process of reasoning by which it can be made to appear that under such circumstances the plaintiff becomes a defendant in the sense contemplated by the removal act. It was the intention of Congress, in the passage of the removal act, to provide a remedy for any nonresident defendant who might be sued in the state court, in cases wherein such defendant could show by legal evidence that prejudice and local influence ex-

isted against him in the community in which he might be sued, provided he brought himself within the purview of the statute. The act is plain and explicit, and contains no exceptions. Everything relating to the question of removal by nonresident defendants was before Congress at the time of the enactment of the section under which this case was removed. It was within its power to have provided that in cases like the one under consideration the plaintiff should be treated as a defendant, for the purpose of removal; and the fact that no provision was made clearly indicates that it was its intention to restrict removals from the state to the federal courts to cases where defendants are nonresidents at the time of the commencement of the action, and the jurisdictional amount is involved.

In West v. Aurora City, 6 Wall. 139, 18 L. Ed. 819, the Chief Justice, in discussing this question, said:

"We think that the Circuit Court was clearly right in its action. The filing of the additional paragraphs did not make a new suit, within the meaning of the judicial act. They were in the nature of defensive pleas, coupled with a prayer for injunction and general relief. This, if allowed by the Code of Indiana, might give them, in some sense, the character of an original suit, but not such as could be removed from the jurisdiction of the state court. The right of removal is given only to a defendant who has not submitted himself to that jurisdiction—not an original plaintiff in a state court, who, by resorting to that jurisdiction, has become liable, under the state laws, to a cross-action. And it is given only to a defendant who promptly avails himself of the right at the time of appearance, by declining to plead and filing his petition for removal. In the case before us, West and Torrance, citizens of Ohio, voluntarily resorted, as plaintiffs, to the state court of Indiana. They were bound to know of what rights the defendants to their suit might avail themselves under the Code. Submitting themselves to the jurisdiction, they submitted themselves to it in its whole extent. The filing of the new paragraphs, therefore, could not make them defendants to a suit removable, on their application, to the Circuit Court of the United States."

Waco Hdw. Co. v. Mich. Stove Co., 91 Fed. 291, 33 C. C. A. 511; La Montagne v. Lumber Co. (C. C.) 44 Fed. 645; 18 Ency. Plead. & Prac. 274; Ward v. Congress Const. Co., 99 Fed. 598, 39 C. C. A. 669.

If a removal of this case could be properly had, it would necessarily bring the entire case from the state court. Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514; Brooks v. Clark, 119 U. S. 511, 7 Sup. Ct. 301, 30 L. Ed. 482. This court would not be inclined to try the remnant of an action which was pending in another jurisdiction, and, if the entire case should be brought here, the court would be powerless to deal with that portion of it in which the plaintiff has secured judgment against the defendant. There is no statutory provision which authorizes this court to enforce the collection of a judgment of a state court by execution or other process, and this is sufficient to show the fallacy of attempting to remove the case in its present condition. If it were removed as it now stands, we would have a case pending in this court wherein there could be no mutual adjustment of the rights of the parties, inasmuch as the state court has already assumed jurisdiction of the subject-matter, and proceeded to final judgment, in so far as the demands of the plaintiff are concerned.

This court has concurrent jurisdiction of all cases wherein the defendant is a nonresident, and the sum involved is $2,000, exclusive of interest and costs, and where prejudice and local influence exist, until the machinery of the state court for the trial of causes is put in motion. But here we have a case wherein the suit in the state court has been actually tried, and judgment has been rendered for the plaintiff, and the same affirmed by the Supreme Court of the state. Therefore this court no longer has jurisdiction over any of the matters in controversy, and it would be absurd to undertake to remove fragments of the case, the major portion of which has been finally settled in a court which had unquestioned jurisdiction to hear and determine the matters in controversy.

The court does not consider it essential to discuss the question as to whether petitioner was entitled to have this case removed on the ground of diverse citizenship, inasmuch as the reasons already assigned clearly show that the case could not have been properly removed upon such ground.