HARLEY v. FIREMEN'S FUND INS. CO.

(District Court, W. D. Washington, N. D.   October 22, 1913.)

No. 2394.

1. REMOVAL OF CAUSES ☞111—JURISDICTION OF FEDERAL COURT—OBJECTIONS TO JURISDICTION.

Under Judicial Code (Act March 3, 1911, c. 231) § 37, 36 Stat. 1098 (Comp. St. 1916, § 1019), providing that if, in any suit commenced in or removed to a District Court, it shall appear to the District Court at any time that such suit does not really involve a dispute properly within its jurisdiction, it shall proceed no further, the court's jurisdiction of a cause removed from a state court is always open to challenge.

2. REMOVAL OF CAUSES ☞74—AMOUNT INVOLVED—EFFECT OF COUNTERCLAIM.

Plaintiff may voluntarily and conclusively determine the amount to which his recovery shall be limited, and where his initial pleading, and the only pleading filed in the state court other than the petition for removal fixed the amount in controversy at $2,950, and there was no inconsistency between the statement of the amount due and the prayer, the cause was not removable, though defendant pleaded a small counterclaim, the amount of which, with the amount sued for, by plaintiff exceeded $3,000.

3. REMOVAL OF CAUSES ☞75—AMOUNT INVOLVED—WAIVER OF PART OF CLAIM.

Though plaintiff's pleading shows more than $3,000 due him, he may waive the excess of federal jurisdiction, and sue for a less sum, thereby preventing removal.

4. REMOVAL OF CAUSES ☞102—REMAND—DOUBT AS TO JURISDICTION.

It is the duty of a federal court, where doubt exists as to jurisdiction, to remand a cause removed from a state court to such state court.

5. EVIDENCE ☞234—ADMISSIONS BY FORMER OWNERS OF CAUSE OF ACTION.

Where, in an action in which plaintiff claimed less than $3,000, it was asserted that a prior action by plaintiff's assignor on the same subject-matter, in which a larger sum was demanded, showed a fraudulent reduction of the amount of the claim to prevent removal to a federal court, plaintiff was not bound by the statements of his assignor in the former action.

At Law.   Action by C. S. Harley against the Firemen's Fund Insurance Company.   Action remanded to the state court.

Hastings & Stedman, of Seattle, Wash., for plaintiff.

Bogle, Graves, Merritt & Bogle, of Seattle, Wash., for defendant.

NETERER, District Judge.   This is an action commenced in the state court in which the plaintiff alleges, in substance, that prior to December 27, 1910, the Kitsap County Transportation Company was the owner of a certain steamship, known as Kitsap; that said steamship was insured against fire and marine perils by the defendant; that during the month of December, 1910, the said steamship collided with the steamship Indianapolis in the waters of Elliott Bay, which collision caused said steamship Kitsap to sink in the waters to the ocean bed; that thereafter the Elliott Bay Dry Dock Company, a corporation, entered into a contract with the defendant to raise said steamship Kitsap for 60 per cent. of the value of the vessel when so raised as its compensation; $35,000 was determined to be the value of said steamship when raised,

and that from the said sum should be deducted the cost of repairing said steamship; that the cost of repairing said steamship was $9,500; that the net salved value of said steamship was $25,500; that the Elliott Bay Dry Dock Company became entitled to $15,300; that it received from the defendant the sum of $12,350, leaving a balance of $2,950 owing; that for a valuable consideration, and prior to the commencement of this action, the Elliott Bay Dry Dock Company sold, assigned, and transferred the amount due from the defendant to it on account of the performance of said contract to this plaintiff, who is now the owner and holder thereof. The defendant, within the time required by law, filed its petition for removal to this court, in which it alleges, in substance, that the matter in dispute exceeds, exclusive of interest and costs, the sum of $3,000; that the controversy is between citizens of different states, plaintiff being a citizen of this judicial district, and the defendant a citizen of the state of California; that the plaintiff seeks to recover a balance claimed to be due under the contract referred to. It is further stated that the amount bid for repairing said vessel was $12,313, but that the company claimed that $8,068 was the amount for repairing the vessel, and the balance was for replacing the furniture and equipment; that only $8,068 should be deducted from said agreed value of $35,000, which would leave $26,932 as the salved value of which the Elliott Bay Dry Dock Company should receive $16,159.20; that on the 19th day of September, 1911, the Elliott Bay Dry Dock Company commenced an action in the state court against the Kitsap County Transportation Company, in which it was sought to recover $3,809.20; that said cause was tried on the 18th day of December, 1912, and that the testimony introduced upon said trial proved that there was no balance due to the said Elliott Bay Dry Dock Company on said salved contract, but that it had been overpaid the sum of $158.40; that after the evidence of both parties had been introduced at the trial, and before said cause was submitted to the jury or judgment entered, the said Elliott Bay Dry Dock Company moved the court for a dismissal of said action, which motion was granted; that thereafter on the 26th day of December, 1912, the defendant commenced a suit in admiralty in the United States District Court against the said Elliott Bay Dry Dock Company to recover the sum of $158.40; that the statement of the plaintiff in his complaint in which he states that the cost of repairing the steamship was $9,500, and the amount to which the Elliott Bay Dry Dock Company became entitled under its salvage contract to be $15,300, leaving a balance of $2,950, is fraudulently made for the purpose of attempting to deprive the defendant of its right to remove said cause to this court.

A bond was filed with the petition for removal, but the judge of the state court denied the said petition. Thereafter the defendant obtained a certified copy of the record and filed the same in the office of the clerk of this court, and thereafter filed its answer to the said complaint, and on the 27th day of February, 1911, filed a motion for judgment as prayed for in its counterclaim in said answer in the sum of $158.40 against the plaintiff. On March 1, 1913, the plaintiff filed objections to the judgment on the pleadings under special appearance for that purpose, as follows:

"Comes now the plaintiff in the above-entitled cause, and, without entering a general appearance herein, and limiting his appearance to the purpose of this objection, and in resistance to the pretended motion of the defendant for judgment on the pleadings herein, and not consenting to the jurisdiction of this court, and entering a special appearance only for the purpose of this objection, and reserving all objections to the jurisdiction of this court to enter-tain this cause, hereby objects to the consideration of defendant's pretended motion, as it appears that this court has no jurisdiction of this cause, and further that it appears that this action is now at issue in the superior court of King county, and is set for trial before a jury in said court on April 28, 1913, all of which appears from the record in this cause and from the affida-vit of H. H. A. Hastings hereto attached."

Attached to the objections is an affidavit. After reciting the his-tory of the proceedings in removal, and the order denying the same, the affidavit recites:

"That thereafter the plaintiff filed and served a reply to said answer, which reply only controverted the allegations of the answer, and thereafter the plaintiff filed its demand for a jury trial and paid the jury fee, and that said cause is now regularly assigned for trial before a jury in department No. 3 of the superior court of King county, Wash."

On March 3d the following order was entered by the then presiding judge:

"The above-entitled cause having come duly and regularly on to be heard before the court, upon the motion of defendant herein for judgment on the pleadings against the said plaintiff, for the sum of one-hundred fifty-eight and 40/100 dollars ($158.40), together with its costs and disbursements as prayed for in the answer herein, said defendant appearing by Messrs. Bogle, Graves, Merritt & Bogle, its attorneys herein, and said plaintiff appearing specially by Messrs. Hastings & Stedman, his attorneys, in opposition to said motion; and it appearing to the court that said action was commenced in the superior court for King county, state of Washington, by the service of summons and complaint on January 8, 1913, and that thereafter, and within the time pro-vided by law, the said defendant duly filed in said superior court of King county, Wash., its petition and bond for a removal of said cause into this court, and that said petition and bond were in all things regular and sufficient to entitle said defendant to a removal of said cause into this court from said superior court; and it further appearing to the court that thereafter, and on the 4th day of February, 1913, the said defendant duly filed in the office of the clerk of this court a transcript on removal of said cause, which tran-script had been duly issued out of the office of the clerk of said superior court, and on said 4th day of February, 1913, said defendant caused due written notice of the filing of such transcript on removal to be served upon said plain-tiff as provided by law; and it further appearing to the court that there-after, and on the 13th day of February, 1913, said defendant duly served its answer to the complaint herein upon the said plaintiff, which answer was duly filed in this court on the 13th day of February, 1913, and that in said answer so served and filed herein in said cause, it is alleged as an affirmative defense and counterclaim to the cause of action alleged in the complaint herein that only the sum of twelve thousand one hundred ninety-one and 60/100 dollars ($12,191.60) ever became due or payable upon the contract alleged in the complaint herein, and upon which the cause of action alleged in said complaint is based; and it being further alleged in said affirmative de-fense and counterclaim that said defendant, prior to the commencement of this action, had advanced and paid the sum of twelve thousand three hundred and fifty dollars ($12,350.00) on account of said contract, which payment is admitted in the complaint herein, and the said defendant having alleged in said affirmative defense and counterclaim that such payment was an over-payment, through mutual mistake of the parties to said contract, in the sum of one hundred fifty-eight and 40/100 dollars ($158.40), for which sum of

one hundred fifty-eight and 40/100 dollars ($158.40) said defendant prayed judgment against the said plaintiff; and it further appearing to the court that no reply in this action has ever been served or filed to said answer, or the affirmative defenses or counterclaim therein contained, within the time provided by law, nor has the time to file such reply ever been extended, or any application ever been made for an extension of time in which to serve or file such reply; and it further appearing to the court that this cause was duly and regularly removed into this court from said superior court of King county, Wash., and that this court acquired, ever since has had, and now has, jurisdiction of said cause, and the subject-matter thereof, and the parties thereto, and no motion to remand said cause has ever been made, and that the said motion for judgment on the pleadings in favor of said defendant and against said plaintiff, should be granted, and the court having thereupon announced that it would grant said motion, and said plaintiff, by its said attorneys, having thereupon in open court requested leave to reply to said answer, and offered, if given permission to reply to said answer, to agree that neither said plaintiff nor the Elliott Bay Dry Dock Company, a corporation, would proceed in any manner in this action in the superior court of the state of Washington, for King county, until this action be finally determined in this court, or on appeal, and the court being of the opinion that such oral application for leave to serve and file such reply upon said condition should be granted:

"Now therefore, it is hereby ordered as follows: (1) That the objections and exceptions of said plaintiff to the granting of the motion of defendant for judgment on the pleadings, on the ground that this court has no jurisdiction of this cause, be and the same are hereby in all things overruled and denied. (2) That the request of said plaintiff for leave to serve and file a reply to the answer of defendant herein in this court be and the same is hereby granted upon plaintiff's express agreement and stipulation that neither he nor the Elliott Bay Dry Dock Company, his assignor, will in any manner proceed in this action in the superior court of the state of Washington, for King county, until the final determination of this action; such reply to be served and filed within five (5) days from the entry of this order. (3) That the motion of said defendant for judgment on the pleadings against said plaintiff be and the same is hereby denied, for the sole reason and upon the sole ground that said plaintiff has so requested leave of the court to serve and file such reply to said answer, and has agreed and will not, either by himself or said Elliott Bay Dry Dock Company, proceed further in this cause in the superior court of King county, Wash., until the final determination of this cause in this court.

"Plaintiff excepts to the portion of this order overruling its exceptions and objections to the jurisdiction of this court, which exception is allowed. Done in open court this 3d day of March, 1913. Clinton W. Howard, Judge."

Thereafter, on March 8th, the plaintiff filed his reply, and included the following affirmative reply:

"(1) That this is an action seeking to enforce a common-law remedy for recovery of the balance due on a contract, which amount has been duly assigned to this plaintiff; that this plaintiff is entitled to a determination of said action by a trial by jury.

"(2) That the defendant in this action collusively, and for the purpose of endeavoring to prevent this plaintiff from having this action tried by a jury, and with the sole intention of endeavoring to prevent the superior court of King county, Wash., from adjudicating and determining this action, did on or before December 26, 1912, enter a pretended action in the admiralty jurisdiction of this court, by filing a pretended libel against the said Elliott Bay Dry Dock Company and causing a citation to issue therein, for the purpose of bringing said Elliott Bay Dry Dock Company under the jurisdiction of said court. That plaintiff was not made a party thereto, and that said libel suit only sought to recover a small amount on account of an alleged overpayment. That this plaintiff was not a necessary or proper party thereto.

"(3) That the amount in controversy in this action is less than $3,000, exclusive of interest and costs, and that the petition filed by defendant for the removal of this cause from the superior court of King county to this court was false and untrue in its allegation that the true amount in controversy was more than $3,000, exclusive of interest and costs, and was further false and untrue in its statement therein that the matter in controversy in the former action, which was waged in this court by the Elliott Bay Dry Dock Company against the Kitsap County Transportation Company and the Firemen's Fund Insurance Company, and that in truth and in fact this plaintiff is not seeking to recover in this action from the defendant for the same items and all of the account that was sought to be recovered by the Elliott Bay Dry Dock Company in said action against the Kitsap County Transportation Company and the Firemen's Fund Insurance Company, and that said petition for removal and the allegations therein contained were made fraudulently and collusively, and solely for the purpose of preventing plaintiff from having this cause adjudicated and determined by the superior court of King county, Wash.

"(4) Plaintiff further alleges that said pretended admiralty suit, instituted by the Firemen's Fund Insurance Company against the Elliott Bay Dry Dock Company, as alleged in the third affirmative defense of its answer in this cause, is not waged in good faith, but was instituted for the sole purpose of endeavoring to prevent plaintiff from obtaining an adjudication and determination of his rights in the superior court of King county, Wash."

The defendant moves to strike the further and affirmative reply. No motion has at any time been made to remand this cause to the state court. The plaintiff contends that he has never consented to the jurisdiction of the court, and the court, being without jurisdiction, should at this time search the record and determine such fact. The defendant contends that the amount in controversy is the amount claimed by plaintiff, $2,950, and the counterclaim of the defendant, $158.40, which would make $3,108.40, and further contends that the amount in controversy in the former action referred to, based upon the contract and the unpaid balance to which the plaintiff claims to have succeeded, is more than $3,000, to wit, $3,809.40. It is further contended that the question of jurisdiction has been passed upon by the former judge of this court, and that further examination is precluded.

[1] Section 37 of the Judicial Code provides, among other things:

"If * * * it shall appear * * * to * * * the said District Court, at any time * * * that such suit does not really and substantially involve a dispute * * * properly within the jurisdiction of said District Court, * * * the said District Court shall proceed no further."

District Judge Bourquin, in Gaugler v. Chicago, M. & P. S. Ry. Co. (D. C.) 197 Fed. 79, 81:

"The court's jurisdiction is always open to challenge, and while the judge, who must try a cause, if tried, reluctantly reviews intermediate matters disposed of by his predecessor, if it appears there is no jurisdiction, it must be so determined, though in effect it sets aside the ruling of a former judge."

That the court's jurisdiction is always open to challenge is supported by a long line of authorities, among which are Gaugler v. Chicago, M. & P. S. Ry. Co., supra; Barth v. Coler, 60 Fed. 466, 9 C. C. A. 81; New Chester Water Co. v. Holly Mfg. Co., 53 Fed. 19, 3 C. C. A. 399; Plant v. Harrison (C. C.) 101 Fed. 307; Groel v. U. S. Elec. Co. (C. C.) 132 Fed. 252; Harrington v. Great Northern Ry. Co. (C. C.) 169 Fed. 714.

[2] The initial pleading, and the only pleading filed in the state court other than the petition for removal, fixes the amount in controversy in this case at $2,950, and no greater sum can be recovered. The Circuit Court of Appeals of the Fifth Circuit in Coyle v. Stern, 193 Fed. 582, 113 C. C. A. 450, in a well-considered case, holds that the amount in controversy must be determined from the initial pleading, and this holding is supported by the great weight of authority. The plaintiff may voluntarily and conclusively determine the amount to which his recovery shall be limited. Barber v. Boston & M. R. Co. (C.C.) 145 Fed. 52; Simmons v. Mutual, etc., Ins. Co. (C. C.) 114 Fed. 785; Western Union Tel. Co. v. White (C. C.) 102 Fed. 705. That a counterclaim cannot be considered as increasing the amount in controversy, so as to bring it within federal jurisdiction, would seem to be the reasonable and logical conclusion, and is sustained by Yankaus v. Feltenstein & Rosenstein (May 21, 1917) 244 U. S. 127, 37 Sup. Ct. 567, 61 L. Ed. 1036; Falls Wire Mfg. Co. v. Broderick (C. C.) 6 Fed. 654; Groel v. U. S. Elec. Co. (C. C.) 132 Fed. 252; McKown v. Kansas & T. Coal Co. (C. C.) 105 Fed. 657.

The provisions of section 37 of the Judicial Code are substantially a re-enactment of the act of 1887 (24 Stat. 552, c. 373), and District Judge Rogers in McKown v. Kansas & T. Coal Co. (C. C.) 105 Fed. 657, in reviewing the decisions upon the right of removal where a counterclaim was filed in itself within the federal jurisdiction, at page 658 says:

"I have considered all these questions carefully, and I have examined every case cited by counsel, and I have reached the following conclusions: (1) That no suit can be removed, under the act of 1887, to the federal court, which could not have been originally instituted in that court."

[3] The complaint in this case shows no inconsistency between the statement of the amount due and the prayer of the plaintiff, and, conceding that it did, the following cases hold that the plaintiff may waive the excess of federal jurisdiction and sue for a less sum: Collins v. Twin Falls, etc., Co. (D. C.) 204 Fed. 134; Swann v. Mutual, etc., Life Ass'n (C. C.) 116 Fed. 232; Maine v. Gilman (C. C.) 11 Fed. 214; Waite v. Phœnix Ins. Co. (C. C.) 62 Fed. 769.

[4] It is the duty of the court, where doubt exists as to jurisdiction, to remand the cause to the state court. Plant v. Harrison (C. C.) 101 Fed. 307; Kelly v. Virginia Bridge & Iron Co. (D. C.) 203 Fed. 566; Fitzgerald v. Mo. Pac. Ry. Co. (C. C.) 45 Fed. 812; Johnson v. Wells, Fargo & Co. (C. C.) 91 Fed. 1; Groel v. U. S. Elec. Co., supra. Defendant has cited, and relies, as to the question of jurisdiction, upon the following cases: Price v. Ellis & Co. (C. C.) 129 Fed. 486; Block v. Darling, 140 U. S. 238, 11 Sup. Ct. 832, 35 L. Ed. 476; Harten v. Löffler, 212 U. S. 397, 29 Sup. Ct. 351, 53 L. Ed. 568; Smith v. Adams, 130 U. S. 167, 9 Sup. Ct. 566, 32 L. Ed. 895; Hilton v. Dickinson, 108 U. S. 165, 2 Sup. Ct. 424, 27 L. Ed. 688; Peeler v. Lathrop, 48 Fed. 780, 1 C. C. A. 93; Swann v. Mutual, etc., Ins. Co., supra; Bank v. Bradley, 72 Fed. 867, 19 C. C. A. 206; Bowman v. Railway Co., 115 U. S. 611, 6 Sup. Ct. 192, 29 L. Ed. 502.

These cases in the main have no application here; and are distin-

guishable in this: That in this case the amount claimed is not within the court's jurisdiction, nor is the counterclaim, and thus cannot place the defendant in the light of a plaintiff and be considered in the nature of a new cause of action. Judge Jenkins, in La Montagne v. Harvey Lbr. Co. (C. C.) 44 Fed. 645, analyzes many of these cases and concludes against the right of removal.

[5] It is contended by the defendant that another action had been commenced on the same subject-matter, and a larger sum demanded, which is made the basis for a claim of fraud. That was not an action between the parties to the record here. The plaintiff here would not be bound by statements of another in a former action, even though the matter was properly before the court and could be considered here. Nor is the amount of the counterclaim due from the plaintiff. An action in admiralty is now pending, as disclosed in the petition for removal, against the Elliott Bay Dry Dock Company, to recover the sum of $158.40 alleged to be due. Clearly no liability exists from plaintiff to defendant on account of the counterclaim.

An order may be entered, remanding the cause to the state court.

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes