GLOVER MACH. WORKS v. COOKE JELLICO COAL CO.

(District Court, E. D. Kentucky, at London.    March 19, 1915.)

No. 309.

REMOVAL OF CAUSES ☞74—PARTIES ENTITLED TO REMOVE—RIGHT OF PLAIN-
TIFF.

Under Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094
(Comp. St. 1913, § 1010), providing that any suit of a civil nature arising
under the Constitution or laws of the United States, etc., of which the
District Courts are given original jurisdiction, which may be pending in
any state court, may be removed by "the defendant or defendants therein"
to the District Court of the United States for the proper district, that
any other suit of a civil nature of which the District Courts are given
jurisdiction may be removed by "the defendant or defendants therein,
being nonresidents," that when, in any suit mentioned in that section,
there shall be a controversy wholly between citizens of different states
and which can be fully determined as between them, one or more of the
"defendants" actually interested in such controversy may remove the
suit, and that, when there is a controversy between citizens of the state
in which the suit is brought and a citizen of another state, "any defend-
ant being such citizen of another state" may remove the suit when it shall
be made to appear that from prejudice or local influence he will not be
able to obtain justice in the state courts, and section 29 (Comp. St. 1913,
§ 1011), requiring the petition for removal to be filed before defendant is
required by the laws of the state or rule of the state court to answer or
plead to plaintiff's declaration or complaint, and providing that the par-
ties removing the cause shall within 30 days after the filing of the tran-
script in the federal court plead, answer, or demur to the declaration or
complaint, in an action in the courts of the state of which the defend-
ant is a resident by a nonresident plaintiff to recover less than $3,000,
the filing of a counterclaim for more than $3,000 does not entitle plain-
tiff to remove the cause, as, though he is placed in a defensive position as
to the counterclaim, he is still the plaintiff, and not a defendant.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 130,
131; Dec. Dig. ☞74.]

At Law.    Action by the Glover Machine Works against the Cooke
Jellico Coal Company.    On motion to remand to the state court.    Mo-
tion sustained.

COCHRAN, District Judge.    This cause is pending before me on
motion to remand.    At the time the petition for removal was filed, I
take it, the suit was one between the Glover Machine Works as plain-
tiff and the Cooke Jellico Coal Company as defendant.    Though orig-
inally brought by the Lowery National Bank, upon the filing of the
intervening petition of the Glover Machine Works, it was substituted
as plaintiff for the bank.

The suit was brought upon two promissory notes, for $500 each,
executed in part payment for a locomotive sold by the works to the
coal company.    The defendant filed a counterclaim, as well as an an-
swer.    In the counterclaim, on account of alleged fraudulent repre-
sentations in connection with the sale of the locomotive, it sought to
recover $1,000, paid on the contract of purchase, and $6,000 damages.
Thereupon the plaintiff, the Glover Machine Works, filed its petition

for removal of the suit to this court, and it is upon this petition that it is here. The ground of removal is the diversity of citizenship between the plaintiff, a citizen of Georgia, and the defendant, a citizen of Kentucky.

The question raised by the motion to remand is whether a plaintiff in a suit in a state court, in which diversity of citizenship between the parties thereto exists, and the amount in controversy is less than $3,000, being a nonresident of this state, can remove the suit to the federal court on the defendant's filing a counterclaim therein in which he seeks to recover of plaintiff more than $3,000. The question depends entirely on the provision of the removal statute. If it provides that in such a case a plaintiff can remove, it can do so; otherwise, it cannot. This is fundamental.

Section 28 of the Judicial Code provides what suits are removable, and who may remove them; and section 29 provides how removable suits may be removed by the party entitled to remove them. The first sentence of section 28 provides that any "arising under" suit, of a civil nature at law or in equity, of which the federal District Courts are given original jurisdiction, then pending or thereafter brought in any state court, may be removed by the defendant or defendants therein to the federal District Court for the proper district. This sentence provides for the removal only of any suit of such character, and that only by the defendant or defendants therein. The second sentence provides for the removal of any other suit of a civil nature at law or in equity, of which such courts are given jurisdiction, then pending or thereafter brought in any state court, to such court by the defendant or defendants therein, being nonresidents of that state. This sentence provides for the removal only of any such suit, and that only by the defendants therein being nonresidents of the state where the suit is brought. The two provisions differ as to the party who may remove the suit thereby made removable. In the first one, it is the defendant or defendants therein. In the second one, it is the defendant or defendants therein being nonresidents of the state where the suit is brought. In neither case is the plaintiff therein given the right of removal. In both the right of removal is confined to the defendant or defendants therein. The third sentence provides for the removal of a suit in which there is a separable controversy and confers the right of removal upon "either one or more of the defendants actually interested in such controversy." The fourth sentence provides for the removal of a suit on account of prejudice or local influence and confers the right of removal on "any defendant." In every case, therefore, in which provision is made for the removal of a suit by section 28, the right to remove is confined to the defendants therein. In no contingency whatever is the right to remove conferred on a plaintiff.

This would seem to settle the question in hand. The removing party here is the plaintiff in the suit, and not the defendant. It is true that the works is in a defensive position as to the counterclaim; but it is still the plaintiff therein, and the coal company is the defendant. Because of the counterclaim there are not two suits. There is still but one suit. And it is the defendant in that one suit who is a non-

resident of the state who has the right of removal. The works is a nonresident of the state, but it is not the defendant in the suit. It is the plaintiff. The coal company is the defendant. The existence of the counterclaim does not change the relation of the parties to the suit. The works is still the plaintiff and the coal company the defendant. That the right of removal is confined to the defendant in the suit, and does not extend to a plaintiff in a defensive position, seems to be recognized by section 29. It provides that the petition for removal shall be filed "at the time or at any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff," and that the parties removing the cause shall within 30 days after the filing of the transcript in the federal court "plead, answer or demur to the declaration or complaint in said cause." This all looks to the defendant in the suit being the removing party, and not the plaintiff in any contingency.

The question seems to me to be foreclosed by the decision of the Supreme Court in the case of West v. Aurora, 6 Wall. 139, 18 L. Ed. 819. It is true that that case arose under the Judiciary Act of 1789. But under that act, as under this, the right of removal was confined to the defendant. And, if no removal could have been had under that act by a plaintiff in such a case as we have here, a fortiori it cannot be had under the Judicial Code. That Code continues substantially the provisions of the act of 1887–88. That was an amendment of the act of 1875. By that act the right of removal was given to the plaintiff, as well as defendant. By the amendment the right of removal by plaintiff was taken away, and it was limited to the defendant. In no contingency was it recognized that the plaintiff should have the right to remove, except in a suit between citizens of same state claiming under grants of different states. The object and purpose of the amendment was to cut down federal jurisdiction. And much has been made of this circumstance in construing the amendment. Smith v. Lyon, 133 U. S. 315, 320, 10 Sup. Ct. 303, 33 L. Ed. 635; In re Pennsylvania Co., 137 U. S. 451, 454, 11 Sup. Ct. 141, 34 L. Ed. 738; Fisk v. Henarie, 142 U. S. 459, 467, 12 Sup. Ct. 207, 35 L. Ed. 1080; Hanrick v. Hanrick, 153 U. S. 192, 197, 14 Sup. Ct. 835, 38 L. Ed. 685. It is true, also, that in West v. Aurora the suit could have been originally brought in the federal court, whereas this suit could not. But I do not think that this difference renders cases that case nonapplicable here. It was held by the Fifth Circuit Court of Appeals in the case of Waco Hardware Co. v. Michigan Stove Co., 91 Fed. 289, 33 C. C. A. 511, that it applied in such a case as we have here and that the case was nonremovable. The authorities to the contrary, of which Price & Hart v. T. J. Ellis & Co. (C. C.) 129 Fed. 482, is one, do not persuade me that the case is removable. And in Moon on Removal of Causes, § 148, it is said:

"The right of a plaintiff to remove a suit from a state court in which it was begun to a Circuit Court of the United States was taken away by the Amendatory act of 1887–88 (with an unimportant exception). The general right to remove a suit is now given only to a defendant or defendants. A plaintiff does not become a defendant, and so entitled to remove a suit, because the defendant files a set-off, counterclaim, cross-bill, or other pleading

asserting a cause of action or demand in reconvention against the plaintiff. This was so decided under the act of 1789, and the weight of authority is to the same effect under the present act."

The motion to remand is sustained.