CARSON & RAND LUMBER CO. *v.* HOLTZCLAW.

*(Circuit Court, E. D. Missouri, N. D.*   June 4, 1889.)

1. REMOVAL OF CAUSES—JURISDICTIONAL AMOUNT—COUNTER-CLAIM.
     Under "the local prejudice clause" of act Cong. March 3, 1887, (24 U. S. St. 553,) restricting the right of removal to causes in which the amount in controversy exceeds a specified sum, a petition for removal, showing that plaintiff's claim was less than the required sum, but averring a counter-claim by defendant in excess thereof, which was denied by plaintiff, shows a sufficient amount involved to confer jurisdiction on the federal court.
2. SAME.
     A non-resident plaintiff, suing in the state court, against whom a counter-claim is brought, is a "defendant" within the provision of said act, which

limits the right of removal to the "defendant being   \*  \*  \*   a citizen of another state" than that in which the suit is brought.

**8. SAME—NOTICE OF PETITION.**

Three days' notice is not a reasonable time to allow defendant an opportunity to contest the allegation of local prejudice before an order of removal is made.

On Motion to Strike a Petition for Removal from the Files.

*Berry & Thompson, Anderson & Schafield,* and *B. R. Dysart,* for plaintiff.

*Sears & Gutherie* and *James C. Davis,* for defendant.

THAYER, J. The only questions that can properly be considered on a motion of this character are (1) whether the petition for removal shows on its face that the amount involved in the controversy is insufficient to give this court jurisdiction; and (2) whether the applicant for removal can remove the case, in view of the fact that he originally brought the suit in the state court to recover a sum of less than $2,000, and that his right to now remove the suit under "the local prejudice clause" of the act of March 3, 1887, is predicated solely on the fact that the original defendant has filed a large counter-claim in such suit.

There is no doubt, I think, that the right to remove a suit under the local prejudice clause of the act of March 3, 1887, is limited to cases involving over $2,000. That was the view taken in *Malone* v. *Railroad Co.,* 35 Fed. Rep. 625, by Mr. Justice HARLAN, and it seems to me to be the only view that can reasonably be taken of the act in question. It is also clear that the counter-claim filed in the cause now under consideration is for a sum in excess of $2,000. The petitioner for removal brought a suit in the state court to recover the sum of $1,822.99, money alleged to be due for lumber sold and delivered. By way of counter-claim the original defendant interposed two demands,—one in the sum of $725.21, for services rendered, and money and materials laid out and expended, for petitioner's benefit, and the other in the sum of $3,000 for unliquidated damages arising out of a breach of contract committed by the petitioner. The total sum that the original defendant seeks to recover on his counter-claim is $3,725.21, and, as his right to recover any portion of that sum is denied by the petitioner's reply, that is *prima facie* the sum involved in the cross-action or counter-claim.

The second question is more difficult, and I am not advised that it has ever been decided under the act of March 3, 1887. In the case of *Clarkson* v. *Manson,* 4 Fed. Rep. 260, Judge BLATCHFORD ruled that the original plaintiff in a suit brought in the state court, against whom a counter-claim in the sum of $750 had been preferred, might remove the suit to the federal court after the filing of the counter-claim, although the sum originally sued for was less than $500. This conclusion was arrived at on the theory that a counter-claim preferred under the statutes of the state of New York was a suit, within the meaning of the removal act of March 3, 1875. The local prejudice clause of the act of March 3, 1887, limits the right of removal to the "defendant being  \*  \*  \*   a

citizen of another state" than that in which the suit is brought. If by the word "defendant" we are to understand only the person who is defendant as the parties are arranged when a suit is begun, then this suit is not removable; but if we are at liberty to regard a non-resident plaintiff suing in the state court, and against whom a demand is preferred in the form of a counter-claim, as a defendant, within the meaning of the statute, then the cause is removable, if local prejudice is satisfactorily shown to exist. I am strongly inclined to the opinion that the latter view is permissible, and that it ought to be adopted. The act provides, in substance, that, when a suit is brought in which there is a controversy between a citizen of a state in which the suit is brought and a non-resident, any defendant, being a non-resident, may remove the controversy to the federal court on the ground of local prejudice. 24 U. S. St. 553. A counter-claim certainly creates a controversy in which the original plaintiff occupies the attitude of a defendant. It is in reality a cross-action, which often involves an inquiry into transactions wholly distinct from those which furnish the basis of the original suit, and in such cross-action a judgment may be rendered against the original plaintiff to any amount. It frequently occurs in practice that the entire controversy turns on the counter-claim, the original cause of action stated in the petition being practically confessed. The right to plead matters by way of counter-claim has been so much enlarged by the Code of Procedure now in force in many states that it will often happen, as in this case, that a non-resident plaintiff, forced to sue in a state court for a small amount, that is perhaps, undisputed, will find himself confronted by a large demand in the shape of a counter-claim that he would have been entitled to remove to the federal court had the plaintiff in the counter-claim been the first to sue. By the language employed in the statute, congress, I think, intended to secure to the non-resident the right of removal in such cases, if the existence of local prejudice was satisfactorily shown. Unless this view is adopted, it will deprive non-residents of their right to choose the tribunal in which to have their rights determined, in a very large class of cases. The motion to strike the petition for removal from the files will accordingly be overruled. In this class of removals, where the petition is presented to the federal court in the first instance, the opposite party should have reasonable notice and opportunity to contest the allegation of local prejudice, before an order of removal is made. Such was the opinion held in *Malone* v. *Railroad Co.*, *supra*. In this case notice was served on May 25, 1889, and the petition for removal was filed on May 28, 1889. The notice was hardly sufficient. Two weeks' time will be allowed to file affidavits in opposition to the petition before any order is made, but the petition to remove will be entertained.