## BIRDSEY *v.* COMMERCIAL NATIONAL BANK *et al.*

A State court has no jurisdiction to entertain a stockholder's suit for winding up the affairs of a national bank, where no other relief is prayed. Such actions must be brought in a court of the United States.
(a) Where the directors of an insolvent national bank undertook to liquidate its affairs and consolidate it with another national bank, by delivering its assets to such bank, which took over the business of the liquidating bank, a suit by a stockholder against the liquidating bank, its directors, and the absorbing bank, attacking the legality of such consolidation, praying no relief against the directors or the absorbing bank, but praying to wind up the affairs of the liquidating bank, must be brought in a Federal court.

JUNE 30, 1915.

Petition for injunction and receiver. Before Judge Mathews. Bibb superior court. October 17, 1914.

A. H. Birdsey, a minority stockholder of the Commercial National Bank of Macon, Georgia, a national bank organized under the laws of the United States, brought his petition against that bank, its directors, and the American National Bank of Macon, Georgia, alleging in substance as follows: The Commercial National Bank was a going concern until Saturday night, August 1, 1914, when, without notice to petitioner, its directors transferred and delivered all of its assets to the American National Bank. The deposits of the Commercial National were placed with the American National Bank to the credit of the depositors of the Commercial, and notice to this effect, signed by the Commercial National Bank,

was published the next day in the daily papers of Macon. In the same issue of the papers the American National Bank published a notice to the depositors and customers of the Commercial National Bank, announcing the consolidation of the Commercial National Bank with the American National Bank, and that the American National Bank had taken over all the assets of the Commercial National Bank, and would in the future take care of all the business formerly handled by the Commercial National Bank. The transfer of the assets of the Commercial National Bank by its directors to the American National Bank, without the consent of its stockholders, was an attempt to liquidate its business by the Commercial National Bank, which was insolvent at the time of such attempted transfer. The plaintiff will suffer a special injury by this transfer, as under the national banking law stockholders are personally liable to creditors in a sum equal to the stock owned by them; and it is charged that a deficit existed when the consolidation between the two banks was attempted. The Commercial National Bank, recognizing the lack of power on the part of its directors to transfer its assets to another bank without the assent of the stockholders, subsequently to the attempted transfer called a meeting of them for the purpose of submitting to them the action of the directors respecting the merger and consolidation of the two banks. In the notice of the proposed stockholders' meeting no statement of the condition of the bank is contained, nor is any information given upon which the stockholders could act. It is alleged, "that the insolvency of said bank on the 1st day of August, 1914, as charged by petitioner, evidences and shows gross mismanagement on the part of the officers and negligence on the part of the directors of said Commercial Bank. Your petitioner is advised and believes that large amounts of money (the exact amount unknown to petitioner) have been loaned to various individuals, said amount so loaned to each individual in many instances aggregating more than ten per cent.· of the capital stock of said bank;" that it would be more economical, and better conserve the interests of the Commercial National Bank, that its affairs be liquidated through a receivership than through a committee appointed for the liquidation of the bank by a majority of its stockholders, which the defendants are seeking to do; that the petitioner applied to the comptroller of the currency for relief, who, upon being in-

formed that the depositors had been paid, declined to interfere or appoint a receiver. The prayers of the petition were, for the appointment of a receiver to liquidate the business of the bank and to wind up its affairs, and to enjoin the defendants from interference with such liquidation. No substantial relief was prayed either against the directors or the American National Bank. A rule nisi was issued, calling on the defendants to show cause why a receiver pendente lite should not be appointed. In response to the rule nisi the defendants presented their respective demurrers, setting up, among other things, that the superior court of Bibb county was without jurisdiction to wind up the affairs of a national bank through a receivership under the circumstances alleged in the petition. On the hearing the court refused to appoint a receiver, on the ground that the court was without jurisdiction. Exception is taken to this judgment.

*Feagin & Hancock* and *T. S. Felder,* for plaintiff.

*Jordan & Lane* and *Hardeman, Jones, Park & Johnston,* for defendants.

EVANS, P. J. (After stating the foregoing facts.) There are some loose allegations in the petition about the mismanagement of the affairs of the banking association by its directors, but no specific charge of fraud or mismanagement is alleged. There is no contention that the American National Bank or the directors of the Commercial National Bank are wasting the assets of the liquidating bank, included in the transfer of the 1st of August. No judgment or substantial relief is sought against either the directors of the Commercial National Bank or the American National Bank. The only relief prayed is against the Commercial National Bank, and that relief, in the language of the prayer, is "to liquidate the business of said bank and to wind up its affairs." This presents the question whether a stockholder is entitled to go into a State court for the sole purpose of liquidating and winding up the affairs of a national bank. National banks have been declared to be instrumentalities of the Federal government, created for a special purpose, and as such necessarily subject to the paramount authority of the United States. Farmers' &c. Bank *v.* Dearing, 91 U. S. 29 (23 L. ed. 196). The act of Congress providing for their establishment is a most complete and comprehensive system. Says Mr. Justice Field: "Everything essential to the formation of

the banks, the issue, security, and redemption of their notes, the winding up of the institutions, and the distribution of their effects are fully provided for, as in a separate code by itself, neither limited nor enlarged by other statutory provisions with respect to the settlement of demands against insolvents or their estates." Cook County National Bank v. U. S., 107 U. S. 445, 448 (2 Sup. Ct. 561, 27 L. ed. 537). The 4th section of the act of Congress of August 17, 1888 (5 Fed. St. Ann. 193, 194), provides that "All national banking associations established under the laws of the United States shall, for the purposes of all actions by or against them, real, personal, or mixed, and all suits in equity, be deemed citizens of the States in which they are respectively located; and in such cases the circuit and district courts shall not have jurisdiction other than such as they would have in cases between individual citizens of the same States. The provisions of this section shall not be held to affect the jurisdiction of the courts of the United States in cases commenced by the United States or by direction of any officer thereof, or cases for winding up the affairs of any such bank." Opposing counsel entertain very divergent views as to the construction to be given the last clause of the proviso in this section. It is urged by the plaintiff in error that this clause has reference to such actions as may be brought by those in charge of the affairs of the bank under the provisions of the statute controlling liquidation of national banks, such as by a receiver appointed by the comptroller. We think that when it is taken into consideration that a national bank is an instrumentality of the Federal government, under the control of the Federal government, with power to issue notes under certain circumstances, it was not the intention of Congress that the State courts should have jurisdiction to wind up the affairs of a national government agency. The very attempt by a State court to distribute all of the assets of a national instrumentality, to take from a national bank all of its assets without regard to any control over it by the comptroller of currency or other national officers, suggests the impropriety of the remedy. In the recent Judicial Code, approved March 3, 1911, in chapter 2, section 24, paragraph 16, it is provided that the district court shall have original jurisdiction "of all such cases commenced by the United States, or by direction of an officer thereof, against any national banking association, and cases for winding up the affairs

of such bank," without regard to diverse citizenship. It is well settled that the United States courts have exclusive jurisdiction in cases commenced by the United States, or by direction of any officer thereof, against any national banking association; and the jurisdiction for winding up the affairs of a national bank would seem to be exclusive in the United States courts to the same extent as would be a case brought by the United States, or by direction of any officer thereof, against a national banking association. Prior to the act of June 30, 1876 (U. S. Comp. St. 1901, p. 3501), there was no provision for enforcing a stockholder's liability where a bank had gone into voluntary liquidation. This act has been construed as limiting the tribunal in which proceedings are to be instituted for enforcing a stockholder's liability to the United States court, instead of allowing creditors to resort to any competent tribunal with equity powers. Irons v. Manufacturers' National Bank of Chicago, 17 Fed. 308. Where a national bank has gone into liquidation, and one holding its notes seeks to enforce the additional liability imposed by Rev. St. § 5151 (i. e. individual liability), a case is presented under the laws of the United States giving the circuit court jurisdiction independently of diverse citizenship. Wyman v. Wallace, 201 U. S. 230 (26 Sup. Ct. 495, 50 L. ed. 738).

The plaintiff maintains that inasmuch as the Commercial National Bank has ceased to do business and has delivered its entire assets to the American National Bank, it is no longer to be regarded as a public agency, and is therefore subject to suit just as any other person, natural or artificial, under the same circumstances. We would agree with this contention if the subject-matter of the suit were based upon some established ground for equitable jurisdiction, and not excluded by the national banking act. In such cases equitable relief may be sought in any court, State or Federal, which has equity jurisdiction. Thus, in *Merchants' &c. National Bank v. Trustees of Masonic Hall, 63 Ga. 549*, it was held that where judgment had been rendered in a State court against a national bank and upon the execution issued a return of nulla bona had been made by the sheriff of the county where the bank was located, and the bank had ceased to discharge its functions as a fiscal agent of the United States, and was disposing, among its stockholders, of its assets which could not be reached by levy and

sale under the common-law execution, thereby endangering the safety of those assets and the judgment debt of the creditor, equity would relieve by the grant of injunction and appointment of a receiver. The purpose of the bill in that case was not to wind up the affairs of a national bank, but to subject in equity assets of the bank which had been fraudulently taken possession of by its officers. In Cogswell *v.* National Bank, 76 Conn. 252 (56 Atl. 574), it was said: "For winding up proceedings, in cases of insolvency, or certain other defaults on the part of the corporation, Congress has made special provision by means of a receiver appointed under authority of the United States." U. S. Rev. St. §§ 5141, 5191, 5201, 5205, 5208, 5234; 19 U. S. St. L. 63; Cook County Nat. Bank *v.* U. S., supra. We are of the opinion that the allegations of the bill are too indefinite to make out any case of fraud or misconduct on the part of the directors of the consolidated bank. It is not charged that the directors held less than two thirds of the stock of the bank; and although the act of consolidation may have been ineffectual, in that there should have been a formal stockholders' resolution assented to by two thirds of them (Rev. St. § 5220), nevertheless, as there is no charge that the consolidated bank which has all of the assets of the merged bank in its possession will waste such assets, and as the only relief prayed for is to wind up the affairs of the liquidating bank, we think that the complaining stockholder is limited to the Federal court to obtain that relief, if entitled to it upon the refusal of the comptroller of currency to act.

*Judgment affirmed. All the Justices concur.*